FRIEDMAN v. MATHEWS.

(Supreme Court, Appellate Term.  June 24, 1910.)

LANDLORD AND TENANT (§ 72*)—TENANCY FOR YEAR.

When a landlord wrote to a tenant: "The above are the minimum terms.  They were made on your promise that if you found the table satisfactory you would remain for a year.  The yearly lease would have

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to be on the same terms exactly"—and the tenant through her agent, replied "Satisfactory," and thereafter remained in possession, making no complaints as to the table board, there was a tenancy for a year.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 218, 219; Dec. Dig. § 72.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by David H. Friedman against Sara E. Mathews. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Daniel F. Kiely, for appellant.
Elliott & S. Sidney Smith, for respondent.

BIJUR, J. This action was brought to recover rent of an apartment for the months of July, August, and September, 1909. The only question litigated was whether the apartment was hired by the defendant by the month or by the year, from October, 1908, to October, 1909. A letter of the plaintiff to the daughter of the defendant, admitted to have been acting as her agent, dated September 29, 1908, is particularly conclusive of the issue involved. It contains the following language:

"The above are the minimum terms. They were made on your promise, as reported to me, that if you found the table satisfactory you would remain for a year. The yearly lease would have to be on the same terms exactly."

The daughter answered on October 2d:

"Mrs. Mathews requests me to say, 'Satisfactory.'"

As the tenant remained until June, 1909, and no complaint appears ever to have been made in regard to the table board, it may be assumed that it was regarded as satisfactory.

Defendant claims that in December the landlord plaintiff gave virtually an option to the defendant to move out at once if she so desired. There was no consideration for this "option," even if it be considered as such. Moreover, it was given for a particular purpose, and to meet a transitory difficulty which arose, and defendant elected not to avail thereof.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.